**CITY OF ANAHEIM, CALIFORNIA, et al., Petitioners**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent**

California Independent System Operator Corporation and Southern California Edison Company, Intervenors.

No. 11–1442.

United States Court of Appeals, District of Columbia Circuit.

Nov. 5, 2013.

Bonnie Susan Blair, Margaret Elizabeth McNaul, Rebecca L. Sterzinar, Thompson Coburn LLP, Washington, DC, for Petitioners.

Karin Lea Larson, Robert Harris Solomon, Esquire, Federal Energy Regulatory Commission (FERC) Office of the Solicitor, Washington, DC, Roger Edward Collanton, Daniel Shonkwiler, California Independent System Operator Corporation, Folsom, CA, Rebecca Austin Furman, Jennifer R. Hasbrouck, Southern California Edison Company, Rosemead, CA, for Intervenors.

Before: ROGERS and BROWN, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

***JUDGMENT***

PER CURIAM.

This petition for review of an order of the Federal Energy Regulatory Commis-

sion was presented to the court, and briefed and argued by counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. See D.C.Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the petition for review be denied.

Petitioners City of Anaheim et al. seek review of two orders of the Federal Energy Regulatory Commission relating to the allocation of costs resulting from compliance with a "must-offer" regime imposed by the Commission in the state of California. See *Cal. Indep. Sys. Operator Corp.*, 121 FERC ¶ 61,193 (2007) ("Order on Rehearing"); *Cal. Indep. Sys. Operator Corp.*, 136 FERC ¶ 61,197 (2011) ("Order Denying Rehearing"). Petitioners argue that the Commission acted in an arbitrary and capricious manner when it determined that (1) the petitioner cities benefit from expenses incurred by certain generating units within the California market in operating at minimum load in order to assure power availability in the face of constraints in the transmission system operated by the California Independent System Operator ("CAISO"), and that, accordingly, (2) the cities should, under the cost causation principle, *Western Area Power Admin. v. FERC*, 525 F.3d 40, 57–58 (D.C.Cir.2008), bear some of the costs of maintaining minimum load. Order on Rehearing at PP 25–26.

The cities rest their claim primarily on a set of cost allocation criteria set forth in Attachment E of CAISO's tariff filing of May 11, 2004. An administrative law judge ordered that these criteria be incorporated into the tariff, *Cal. Indep. Sys. Operator Corp.*, 113 FERC ¶ 63,017, P 116 (2005) ("Initial Decision"), and the Commission initially affirmed, *Cal. Indep. Sys. Operator Corp.*, 117 FERC ¶ 61,348 (2006) ("Order on Initial Decision"). A number of parties sought rehearing of that order, including Southern California Edison, which argued that Attachment E in its original form, as applied to the cost allocation disputed here, violated the cost causation principle. In the ensuing Order on Rehearing the Commission in effect agreed with Southern California Edison and ordered CAISO to modify the Attachment E criteria so as to render the cost allocation more consistent with the cost causation principle. Order on Rehearing at P 26. CAISO complied with the Order on Rehearing by altering the definitions relevant to the Attachment E criteria. *Cal. Indep. Sys. Operator Corp.*, 136 FERC ¶ 61,198, PP 23, 26 (2011) ("Compliance Order"). Petitioner cities (among others) in turn sought rehearing of the Order on Rehearing, but the Commission denied relief. Order Denying Rehearing at PP 13–23.

We review the Commission's orders under the arbitrary and capricious standard, *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983), and uphold the orders in question. The Commission did not act inappropriately by allocating costs according to the well-established cost causation principle or by modifying the Attachment E criteria in the Order on Rehearing. We also conclude that the Commission adequately explained its actions. The cities' primary argument, namely, that the Commission "disregarded" the Attachment E criteria that it had adopted, is transparently wrong in light of the Commission's instruction, in its Order on Rehearing, that those criteria be modified, and in light of its accompanying explanation of why they should be modified.

Pursuant to Rule 36 of this Court, this disposition will not be published. The

Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en* *banc.* See FED. R.APP. P. 41(b); D.C.CIR. R. 41.